# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                     **Case No. 08-CR-36**

**ROBERT HUFF,**

    Defendant.

## ORDER GRANTING EMERGENCY MOTION

On March 27, 2008, this court received an "Emergency Motion to Transfer Robert Huff." The basis of the motion was that Mr. Huff was unable to receive needed medical care at his current place of incarceration, the Brown County jail. In particular, Mr. Huff suffers from a condition known as sleep apnea and has been prescribed a CPAP machine to facilitate his breathing during sleep. According to the motion, Brown County jail is either unable, or unwilling, to accommodate his medical request.

Attached to the defendant's motion, is a copy of a letter from Dr. Richard Munson of the Sleep Disorder Center, Evanston Hospital, who states that it is medically necessary for Mr. Huff to use the CPAP device, lest he be placed at higher risk for heart attack or stroke. Defendant's counsel indicates that he has advised both the U.S. Marshal and the Assistant United States Attorney of Mr. Huff's medical needs. The defendant seeks a transfer to a facility that is able to permit the use of the CPAP device. Defense counsel states that the AUSA does not object to transfer.

It is incumbent upon the U.S. Marshals Service to see that any person in its custody receives adequate and appropriate medical care. For Mr. Huff, it means the use of the CPAP device. If use of the device cannot be provided at the Brown County jail, then the U.S. Marshal should transfer Mr. Huff to a facility that will permit its use. This court knows that detained defendants are housed at a number of institutions other than the Brown County jail. The U.S. Marshal should forthwith make inquiries of other available institutions in order to transfer the defendant to one which will enable him to be provided with proper medical care.

Accordingly, the defendant's motion is granted and the U.S. Marshal is directed to transfer Robert Huff to an institution which will permit use of the CPAP device. Such transfer is to be effected as soon as possible.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this <u>27th</u> day of March, 2008.

<u>s/AARON E. GOODSTEIN</u>
U.S. MAGISTRATE JUDGE